**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CAROL A. GRAHAM,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>        Defendant - Appellee. | No. 09-16139<br><br>D.C. No. 4:07-cv-00541-JMR-GEE<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
John M. Roll, Chief District Judge, Presiding

Argued and Submitted June 16, 2010
San Francisco, California

Before: RIPPLE[**], RYMER and FISHER, Circuit Judges.

    Carol A. Graham appeals an adverse grant of summary judgment in favor of

the Commissioner of Social Security ("Commissioner"), upholding the denial of

her application for disability insurance benefits and supplemental security income

---

    [*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]The Honorable Kenneth F. Ripple, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

payments. Because the Commissioner's decision is supported by substantial evidence, we affirm.

Although a close case, we are persuaded that the administrative law judge ("ALJ") gave "clear and convincing" reasons for rejecting the opinion of Graham's treating psychiatrist, Dr. S. Arnold Nelson. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Dr. Nelson's April 2003 opinion referred to Graham's "ongoing insecurity, fears, depression, [and] nightmares," but his progress notes, which cover ten visits over two years, made only limited references to these symptoms. In the portions of the progress notes calling for the physician to record his observations of the patient, Dr. Nelson reported "OK" or "unremarkable" for eight of Graham's ten visits.

Graham also received Global Assessment of Functioning ("GAF") scores indicating only moderate or slight difficulty in occupational functioning. Graham correctly points out that the GAF scores are not dispositive because they were assessed at a time when she was not working. *See* Social Security Ruling 85-15 (1985) ("Individuals with mental disorders" may adopt "a highly restricted . . . lifestyle within which they appear to function well," but "may cease to function effectively when facing such demands as getting to work regularly, having their performance supervised, and remaining in the workplace for a full day."). But the

2

GAF scores are nonetheless relevant. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ erroneously questioned whether Dr. Nelson was a treating source, but the error was harmless because the ALJ nonetheless applied the correct legal standard. *See Stout v. Comm'r*, 454 F.3d 1050, 1055 (9th Cir.2006) ("We have . . . affirmed under the rubric of harmless error where the mistake was nonprejudicial to the claimant or irrelevant to the ALJ's ultimate disability conclusion.").

**AFFIRMED.**